KEARSE, Circuit Judge:
Plaintiffs Charles Story, et al., who are honorably discharged disabled veterans, appeal from a final judgment of the United States District Court for the Southern District of New York, Miriam Goldman Ce-darbaum, Judge, dismissing their complaint against defendant City of New York (“City”) and two City officials, brought principally under 42 U.S.C. § 1983 (1988) to challenge on equal protection, due process, Takings Clause, and state-law grounds the elimination of a state statutory exemption previously enjoyed by disabled veterans from the City’s regulation of street peddling. The district court dismissed plaintiffs’ federal claims pursuant to Fed. R.Civ.P. 12(b)(6) for failure to state a claim on which relief could be granted; it declined to exercise pendent jurisdiction over the state-law claims. On appeal, plaintiffs principally pursue their constitutional challenges. We conclude that they are without merit, and we affirm the judgment.
I. BACKGROUND
Section 35 of the New York State (“State”) General Business Law allows municipalities to enact local laws regulating the activities of street vendors. Prior to August 1991, § 35 exempted honorably discharged disabled veterans from the general operation of this law. N.Y.Gen.Bus.Law § 35 (McKinney 1988). Hence, such veterans were not subject to the City’s restrictions on street peddling. In August 1991, the State amended § 35 to repeal the veter *62 ans exemption with respect to cities having populations of one million or more (“1991 Amendment”). N.Y.Gen.Bus.Law § 35 (McKinney Supp.1992). Thereafter, the City began to enforce its street-vending regulations against disabled veteran peddlers.
Plaintiffs promptly brought the present action, alleging that they were disabled veterans engaged in the. trade of peddling merchandise on the street, and that the City had commenced to enforce its regulations against them by ejecting plaintiffs from the general commercial retail areas in which they theretofore had operated and by confiscating their wares when they sought to peddle in forbidden areas. Plaintiffs contended that the City’s enforcement of the regulations against them violated their rights to due process and equal protection and deprived them of their property without just compensation. They also alleged that the 1991 Amendment could not properly deprive them of their exemption in light of § 93 of the State’s General Construction Law. See N.Y.Gen.Constr.Law § 93 (McKinney 1951) (“repeal of a statute or part thereof shall not affect or impair any ... right ... acquired ... prior to the time such repeal takes effect”). Plaintiffs moved by order to show cause for a preliminary injunction against the City’s enforcement of its regulations against them; the City cross-moved for dismissal of the complaint for failure to state a claim.
After receiving the parties’ written submissions and hearing oral argument, the district court denied plaintiffs’ motion for a preliminary injunction and granted defendants’ motion to dismiss, stating that plaintiffs had “failed to establish a protectable property interest in their prior exemption from the city vending regulations.” (Hearing Transcript, October 25, 1991 (“Tr.”), 17.) Ruling from the bench, the court concluded that
because plaintiffs have alleged no constitutionally protected property right, their due process and taking[s] claims fail under the Federal constitution. Similarly, although plaintiffs allege a violation of equal protection, they have not shown with any specificity how the repeal of what was former special treatment for disabled veterans constitutes , an irrational classification by the state legislature.
(Id. at 18-19.) As to plaintiffs’ claim that N.Y.Gen.Constr.Law § 93 precluded application of the 1991 Amendment to them, the court concluded that that claim “standing alone should properly be decided by a state court” (Tr. 19), and it declined to accept pendent jurisdiction.
Judgment was entered dismissing the complaint in its entirety. This appeal followed.
II. DISCUSSION
On appeal, plaintiffs contend that the district court erred in dismissing their complaint for failure to state cognizable claims for violation of their rights under the Due Process, Equal Protection, and Takings Clauses of the Constitution. We find no merit in their contentions.
A. The Due Process and Takings Clause Challenges
To state a claim under either the Due Process Clause or the Takings Clause, plaintiffs were required to allege facts showing that state action deprived them of a protected property interest. See, e.g., Board of Regents v. Roth, 408 U.S. 564, 576-79, 92 S.Ct. 2701, 2708-10, 33 L.Ed.2d 548 (1972) (due process claim); West Farms Associates v. State Traffic Commission, 951 F.2d 469, 472 (2d Cir.1991) (same), cert. denied, — U.S. -, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992); Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1000-04, 104 S.Ct. 2862, 2871-74, 81 L.Ed.2d 815 (1984) (takings claim). To have a property interest in a public benefit, a plaintiff “must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.” Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. at 2709. Such property interests are “created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.” Id. Public *63 benefits such as food stamps and welfare have been deemed a form of property, see, e.g., Atkins v. Parker, 472 U.S. 115, 128, 105 S.Ct. 2520, 2528, 86 L.Ed.2d 81 (1985) (food stamps); Goldberg v. Kelly, 397 U.S. 254, 261-62 & n. 8, 90 S.Ct. 1011, 1016-17 & n. 8, 25 L.Ed.2d 287 (1970) (welfare), because the recipients’ rights to receive such benefits are “grounded in the statute[s] defining eligibility for them,” Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. at 2709.
Having enacted a statute that created such a right, however, the legislature retains the power to enact new legislation altering or eliminating the right, and that elimination does not contravene the Due Process or Takings Clauses of the Constitution. See, e.g., Atkins v. Parker, 472 U.S. at 129, 105 S.Ct. at 2528. In Atkins, the Supreme Court rejected a due process challenge to a congressional amendment to the Food Stamp Act that reduced the benefit levels for some recipients and altogether extinguished the entitlement of others. The Court ruled that, absent any indication of some defect in the legislative process,
Congress ha[s] plenary power to define the scope and the duration of the entitlement to food-stamp benefits, and to increase, to decrease, or to terminate those benefits____ The procedural component of the Due Process Clause does not “impose a constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits.” Richardson v. Belcher, 404 U.S. 78, 81 [92 S.Ct. 254, 257, 30 L.Ed.2d 231] (1971).
472 U.S. at 129, 105 S.Ct. at 2529; see also id. at 143, 105 S.Ct. at 2536 (Brennan, J., dissenting) (“Because food stamp benefits are a matter of statutory entitlement, recipients may claim a property interest only in the level of benefits to which they are entitled under the law____ Congress may reduce the entitlement level ... and that process pretermits any claim that Congress’ action constitutes unconstitutional deprivation of property.”). The Court has similarly rejected Takings Clause challenges to Congress’s termination of public benefits. See United States Railroad Retirement Board v. Fritz, 449 U.S. 166, 174, 101 S.Ct. 453, 459, 66 L.Ed.2d 368 (1980) (no proper claim that Congress had “taken property in violation of the Fifth Amendment, since railroad benefits, like social security benefits, are not contractual and may be altered or even eliminated at any time”); see also Jones v. Reagan, 748 F.2d 1331, 1338-39 (9th Cir.1984) (merchant seamen’s “property right” to free medical care extinguished by Congress’s repeal of benefit; due process and takings challenges rejected), cert. denied, 472 U.S. 1029, 105 S.Ct. 3505, 87 L.Ed.2d 636 (1985). In sum, when the statute that once authorized the benefit in question is repealed, any property right in that, benefit is extinguished.
In the present case, prior to 1991, plaintiffs were entitled to be free from municipal peddling regulations because, in N.Y.Gen.Bus.Law § 35 (McKinney 1988), the New York legislature had granted them an exemption from such regulation. Insofar as due process and the Takings Clause are concerned, however, the legislature retained the power to eliminate that entitlement. It exercised that power in enacting the 1991 Amendment to § 35, and it thereby eliminated any property right plaintiffs once had to be free from such regulation. Accordingly, plaintiffs failed to allege a property interest that could support their due process and takings claims.
B. The Equal Protection Challenge
The complaint also alleged that the legislature’s “attempt[]” to impair their “acquired right” to the exemption from municipal regulation deprived plaintiffs of equal protection. The district court rejected this claim on the ground that plaintiffs had not demonstrated an irrational classification by the legislature. We agree.
When a statute neither impinges on a fundamental right guaranteed by the Constitution nor uses a classification based on a suspect criterion such as race, nationality, alienage, or gender, the law generally will not be found to violate the Equal Protection Clause unless it has no reasonable *64 or rational basis. See, e.g., Exxon Corp. v. Eagerton, 462 U.S. 176, 196, 103 S.Ct. 2296, 2308, 76 L.Ed.2d 497 (1983); Hodel v. Indiana, 452 U.S. 314, 331, 101 S.Ct. 2376, 2386, 69 L.Ed.2d 40 (1981). A statute that regulates merely the right to sell does not impinge on fundamental rights. Such economic regulation is to be examined under the rational basis standard unless it uses invidious classifications. See, e.g., City of New Orleans v. Dukes, 427 U.S. 297, 303-04, 96 S.Ct. 2513, 2516-17, 49 L.Ed.2d 511 (1976) (per curiam). Under the rational basis standard, “a statute will be sustained if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose.” Exxon Corp. v. Eagerton, 462 U.S. at 196, 103 S.Ct. at 2308. A local government has a legitimate interest in preserving the appearance of its streets, and its economic regulation of street peddlers is rationally related to that interest. See City of New Orleans v. Dukes, 427 U.S. at 303-06, 96 S.Ct. at 2516-18.
Plaintiffs seek heightened scrutiny of the economic regulation in the present case on the ground that a suspect classification is employed because the veterans affected are disabled. Their contention lacks merit. We note in passing that most authorities have not considered disability to be a suspect or quasi-suspect classification. See generally City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 442-47, 105 S.Ct. 3249, 3255-58, 87 L.Ed.2d 313 (1985) (rejecting contention that mental retardation is a quasi-suspect classification calling for heightened judicial scrutiny); Disabled American Veterans v. United States Department of Veterans Affairs, 962 F.2d 136, 142 (2d Cir.1992) (applying rational basis standard to legislation denying disability benefits to certain mentally incompetent disabled veterans); Lussier v. Dugger, 904 F.2d 661, 671 (11th Cir.1990) (applying rational basis standard to state action concerning persons suffering from disabilities such as hepatitis); Jones v. Reagan, 748 F.2d at 1338-39 (applying rational basis standard to statutory elimination of free federal medical treatment for seamen declared physically unfit for duty as a result of on-the-job injury). But even if heightened scrutiny were required for classifications according to disability plaintiffs could not prevail, for in fact the 1991 Amendment did not use, but rather eliminated, disability as a classification. In abolishing the prior exemption, the legislature decreed that all persons in any city of more than one million residents be equally subject to municipal regulation. In the wake of the 1991 Amendment, such a city’s street peddling regulations became enforceable against all street peddlers, whether veterans or nonveterans, whether healthy or infirm. The new uniformity of treatment provided no sound basis for plaintiffs’ claim that the amendment denied them equal protection.
C. The State Law Challenges
Much of the complaint and much of plaintiffs’ brief on appeal are devoted to the question of the proper application and interpretation of the 1991 Amendment under New York law. Plaintiffs contend principally that N.Y.Gen.Constr.Law § 93 precludes interpretation of the 1991 Amendment as eliminating their established rights. Since plaintiffs’ federal claims were properly dismissed at the pleading stage, the district court properly declined to exercise pendent jurisdiction over the remaining state claims, leaving them for consideration by the state courts. Bertoldi v. Wachtler, 952 F.2d 656, 660-61 (2d Cir. 1991) (per curiam).
CONCLUSION
We have considered all of plaintiffs’ arguments on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.